JOSEPH E. DENNIS and Another v. JOSEPH S. FIRTH.[1]

January 13, 1911.

Nos. 16,908—(218).

**Opening default judgment.**
The trial judge did not abuse his discretion in vacating a default judgment against the defendant and permitting him to answer.

[1] Reported in 129 N. W. 387.

Action in the district court for Hennepin county to recover $1,050 for breach of covenants in a conveyance of land from defendant to plaintiffs. The answer was stricken out as sham, and judgment for default of an answer was entered in favor of plaintiffs. From an order opening the default and granting defendant leave to answer, Hale, J., plaintiffs appealed. Affirmed.

*C. H. Rossman,* for appellants.

*George B. Leonard,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Hennepin vacating a default judgment and permitting the defendant to answer.

The action was begun June 3, 1910, for damages which the plaintiffs alleged they had sustained by a breach of the covenants of quiet enjoyment and warranty in a deed of the land described in the complaint, executed by defendant to plaintiffs. The defendant appeared and served an answer, which was stricken out as sham, and a stay of twenty days granted to enable him to make a motion for leave to amend his answer. He did nothing. The stay expired August 21, 1910, and on August 23 the plaintiffs applied to the court ex parte for, and obtained, an order for judgment on the pleadings for the full amount of damages claimed, and judgment was so entered on August 24. Five days thereafter the defendant obtained from the court an order on the plaintiffs to show cause why the judgment should not be vacated and he be permitted to serve his proposed answer, which stated a defense on the merits. On the return day of the order, September 1, the plaintiffs appeared and filed affidavits in opposition, and the trial court, after hearing the parties, made its order vacating the judgment and permitting the defendant to serve his amended answer.

The record presents only the question whether the trial judge abused his discretion in making the order appealed from. It is apparent from the record that the defendant put in a sham answer which tended to delay the action. On the other hand, after the ex parte judgment was taken against him, he acted promptly and ten-

dered an answer on the merits. The trial judge was in a better position to determine the question of the defendant's good faith than this court. A consideration of the whole record has led us to the conclusion; with some hesitation, that the making of the order was not an abuse of discretion. We are, however, of the opinion that this is not a case in which statutory costs in this court should be allowed the defendant.

Order affirmed, without statutory costs.

JAGGARD, J., took no part.